ing to determine whether relator was denied the right to appeal or the right to counsel on appeal.

239 So.2d 170

Olga LEVY et al.

v.

AMERICAN EXPRESS et al.

No. 50865.

Sept. 22, 1970.

BARHAM, J., is of the opinion the writs should not have been granted and assigns written reasons.

### ORDER

The petition of relator in the above numbered and entitled cause having been duly considered:

It is ordered that the Honorable Walter F. Marcus, Jr., Judge of the Civil District Court, Parish of Orleans, order defendant, Trans-World Airlines, Inc., to permit plaintiffs to inspect, photograph and/or copy the statements referred to in the Motion for Production.

It is further ordered, that, in the event the aforesaid judge fails to comply with the aforesaid order on or before October 2, 1970, a writ of certiorari issue herein directing the said judge to transmit to the Supreme Court of Louisiana the record in duplicate or a certified copy of the record in duplicate in the proceeding complained of by relator and that the trial judge shall show cause in this Court on December 14, 1970 at 11:00 a. m. why the prayer of the petitioner should not be granted.

BARHAM, Justice (dissenting from the granting of writs).

Ordinarily I would not dissent from the granting of a writ since the granting of a writ usually presents an opportunity for deciding the issues at a later date. However, it is possible here, since alternative writs were issued, that this court will not be afforded the opportunity of a determination of the issues after a full hearing. Only the trial judge's refusal to comply with the alternative order will bring the matter before us. Additionally, here the decision involved in granting the writ may have been based upon issues which will not be determinative of the matter after full hearing.

The statements sought to be procured are " * * * writing[s] obtained or

prepared by the adverse party, * * * in anticipation of litigation or in preparation for trial * * * ", within the meaning of Code of Civil Procedure Article 1452. The exception to the non-production of such writings requires a showing that the party seeking them will be unfairly prejudiced or caused undue harm or injustice by their non-production.

· The sole issue before the court in considering this application was whether the district court abused its *discretion* in ruling that plaintiffs had not made a showing sufficient to entitle them to invoke the exception under Code of Civil Procedure Article 1452. Because of applicants' failure to comply with the rules of this court, we do not have the complete record which was considered by the district judge in making his determination. Any doubts as to abuse of discretion should be resolved on such an incomplete record in favor of the trial court.

I am of the opinion that this writ was improperly granted since there is no showing that the trial judge acted in abuse of the discretion granted him in Code of Civil Procedure Article 1452. We do not determine at this appellate level what we would have done as individual trial court judges in such instances. We determine only whether as reviewing judges we can say the trial judge abused his legal discretion.

I respectfully dissent from the granting of the writs without predisposing myself as to the final determination of the matter.